# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

**VERSUS**                                              **CRIMINAL ACTION NO. 1:06CR49-P-D**

**WINTFORD DEAN HILL**

## ORDER

This cause is before the Court on the defendant's Motion to Suppress Contents of Search [35]. The Court, having reviewed the motion, the response and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks suppression of various items of evidence seized pursuant to a search warrant executed on March 8, 2006. Hill's motion focuses exclusively on the assertion that the affidavit which accompanied the warrant application was insufficient to support a finding of probable cause because the averments contained therein were based on nonspecific, stale information provided by confidential informants in the absence of sworn testimony respecting the reliability of the informants and/or independent corroboration by law enforcement officers.[1]

Courts within the Fifth Circuit employ a two part test in considering a challenge to a search made pursuant to a warrant:

---

[1] In point of fact, the application and accompanying affidavit set forth information acquired from numerous confidential sources between December 2004 and February 23, 2006 to the effect that the defendant was engaged in a long-standing, ongoing practice of purchasing and distributing substantial quantities of methamphetamine from his home. Many of those same individuals provided information regarding Hill's possession of firearms as well.

> Evidence obtained during the execution of a subsequently invalidated search warrant is <u>not</u> excluded <u>if</u> the officer executing the warrant relied on it in good faith. Therefore, we determine first whether this exception applies; if it does, the inquiry ends.

United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005)(emphasis in original). Only if good faith is lacking is it appropriate for the Court to determine whether the warrant was supported by probable cause. Id.

Accordingly, the pertinent inquiry is "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." United States v. Leon, 468 U.S. 897, 926 (1984). A finding of objective good faith reliance on a search warrant is appropriate in the absence of one of the following circumstances:

> (1) the issuing-judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the issuing-judge "wholly abandoned [her] judicial role" in such a manner that no reasonably well trained officer should rely on the warrant"; (3) the underlying affidavit is "bare bones" ("so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"); or (4) the warrant is "so facially deficient" . . . that executing officers cannot reasonably presume it to be valid.

Gibbs, 421 F.3d at 358 (quoting Leon, 468 U.S. at 923).

Hill's suppression motion wholly fails to address the good faith exception to the exclusionary rule, let alone the above-articulated exceptions to its application. There is no evidence that Agent John Moses, the affiant-officer, knowingly provided false information or recklessly disregarded the truth in presenting information to the issuing judge. Nor does Hill suggest that the issuing judge, Sharion Aycock, abandoned her judicial role in issuing the warrant. As a further matter, the information presented in the affidavit cannot be justly considered so conclusory as to require a finding that it was "bare bones" in nature. Finally, a review of the warrant itself reveals no technical

deficiencies that would have alerted the executing officers of a problem. In the absence of any evidence to the contrary, the Court concludes that the officers who executed the search warrant on March 8, 1996 relied on the warrant in good faith.[2] In view of that finding, it is unnecessary for this Court to probe into the basis for Judge Aycock's probable cause determination. Accordingly, the defendant's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that the defendant's Motion to Suppress Contents of Search [35] is not well-taken and should be, hereby is, DENIED.

SO ORDERED, this the 17th day of August, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In view of the defendant's failure to adduce any substantial basis for a finding of bad faith, the Court deems an evidentiary hearing unnecessary. Franks v. Delaware, 438 U.S. 154 (1978). See also United States v. Sibley, 448 F.3d 754 (5th Cir. 2006); United States v. Brown, 298 F.3d 392 (5th Cir. 2002).